United States District Court
Southern District of Texas
**ENTERED**
May 01, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| AMBROSE DUGGINS, (TDCJ–CID #02175925) Petitioner, | § § § § § | CIVIL ACTION NO. 4:20-cv-0763 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| LORIE DAVIS, Respondent. | § § | |

## MEMORANDUM AND OPINION ON DISMISSAL

Petitioner Ambrose Duggins was convicted in Cause Number F1771526 in the 282nd Judicial District Court of Dallas County, Texas of the felony offense of family violence assault by impeding breath or circulation. In January 2018 the court sentenced him to a ten-year prison term.

Duggins filed a petition for a writ of *habeas corpus* under 28 USC § 2254 in March 2020. He does not attack the validity of his conviction or sentence. He instead contends that the Texas Board of Pardons and Paroles violated his right to due process by denying his release to parole even though he purportedly satisfies all requirements. He asserts that he has participated in programs mandated by the individualized treatment plan. And he argues that the Board's denial of release to parole has caused him hardship. Dkt 1 at 6–7.

A threshold issue in this action is whether this federal petition is subject to dismissal for failure to state a valid ground for *habeas* relief. A district court may examine a *habeas* petition before an answer or other responsive pleading is filed. *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999). Such a review is based on "the duty of the court to screen out frivolous applications and

eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 USC § 2254, Rule 4, Advisory Committee Notes.

Duggins seeks a writ on assertion that the Board improperly denied him parole. Fifth Circuit precedent forecloses this argument. First, a prisoner has no constitutional right to parole. *Orellana v Kyle*, 65 F3d 29, 32 (5th Cir 1995). Second, a prisoner has no constitutional expectancy of parole in Texas. *Creel v Keene*, 928 F2d 707 (5th Cir 1991). Third, a prisoner has no right to be released on parole in Texas. *Gaona v Erwin*, 224 Fed App'x 327, 328 (5th Cir 2007) (unpublished), citing *Madison v Parker*, 104 F3d 765, 768 (5th Cir 1997). Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v Kyle*, 66 F3d 71, 74 (5th Cir 1995), citing *Orellana*, 65 F3d at 32.

The petition thus lacks merit. It must be dismissed. 28 USC § 2254, Rule 4.

A question remains whether Duggins may appeal dismissal of his action. A certificate of appealability in a federal *habeas* action requires a substantial showing of the denial of a constitutional right. *Hernandez v Johnson*, 213 F3d 243, 248 (5th Cir 2000), citing *Slack v McDaniel*, 529 US 473, 483–84 (2000). A district court must issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. 28 USC § 2254, Rule 11. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 USC § 2253(c)(2). This requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v Dretke*, 542 US 274, 282 (2004), quoting *Slack*, 529 US at 484.

This Court concludes that jurists of reason would not find the foregoing assessment of the constitutional claims debatable or wrong.

The petition by Ambrose Duggins for a writ of *habeas corpus* is DISMISSED.

His constructive motion to proceed *in forma pauperis* is GRANTED. Dkt 1.

Any remaining pending motions are DENIED as moot.

A certificate of appealability is DENIED because Duggins has not made the necessary showing.

SO ORDERED.

Signed on May 1, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge